UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BEACH HILL DEVELOPMENT BOOT
RANCH HOLDINGS, LLC, and
BEACH HILL DEVELOPMENT BOOT
RANCH, LLC,

      Plaintiffs,

v.                                                                                      CASE NO: 8:07-cv-705-T-26TGW

KEY REAL ESTATE EQUITY CAPITAL,
INC.,

      Defendant.
_____/

## **O R D E R**

      Before the Court is Plaintiffs' Emergency Motion for Issuance of a Temporary Restraining Order/Preliminary Injunction with Notice with exhibits[1] and the affidavit of Michael Puderbeutel,[2] and Defendant's Memorandum in Opposition with exhibits and the affidavit of Shelley Ward.[3] After careful consideration of the entire file, the Court concludes that the Motion should be denied.

---

[1] See docket 2.

[2] See docket 4.

[3] See dockets 12, 13 & 14.

Plaintiffs must establish the following four elements to justify the granting of either a temporary restraining order or preliminary injunction: (1) a substantial likelihood that Plaintiffs will prevail on the merits; (2) a showing that irreparable harm will be suffered without the relief sought; (3) the threatened injury to Plaintiffs will not outweigh the damage injunctive relief may cause to Defendant; and (4) the granting of injunctive relief will serve the public interest.  See Schiavo v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005).  Only the first prong will be discussed because the Court finds that Plaintiffs cannot establish a substantial likelihood of success on the merits.

Plaintiffs urge this Court to stay a public sale of collateral scheduled for Monday, April 30, 2007.  Before addressing the merits of this case, it should be noted that Defendant Key Real Estate Equity Capital (KREEC) is an Ohio corporation not registered to do business in Florida.  Plaintiffs, Beach Hill Development Boot Ranch Holdings, LLC (Boot Hill) and Beach Hill Development Boot Ranch, LLC (Beach Hill), contend that KREEC is not permitted to defend itself in this action pursuant to Florida Statute 607.1501(1).  KREEC correctly maintains, however, that Florida statutes permit foreign corporations not registered in Florida to defend against lawsuits in certain circumstances similar to those in the instant case.  See §§ 607.1501(2)(a), (g) and (h), 607.1502(5), Fla. Stat. (2006).  For example, a foreign corporation is not deemed to be doing business in Florida when it (1) defends against a proceeding, (2) acquires indebtedness, mortgages, or security interests in real or personal property in Florida, or (3) secures or collects a debt in Florida or enforces a mortgage or security interest in property securing the debt.

Specifically, "the failure of a foreign corporation to obtain a certificate of authority does not impair the validity of any of its contracts, deeds, mortgages, security interests, or corporate acts or prevent it from defending any proceeding in this state." § 607.1502(5), Fla. Stat. (2006).  Thus, based on Florida statutory law, KREEC is permitted to defend this action.

With respect to the merits of this case, Plaintiffs argue that there is a substantial likelihood of prevailing because the loan documents are criminally usurious and unenforceable on their face.  In making this argument, Plaintiffs rely on the application of Florida law, despite the loan documents' clear choice-of-law provision designating Ohio as the governing law.[4]  Even assuming that Florida law applies, which has been not shown sufficient to form the foundation on which to grant injunctive relief, Plaintiffs have failed to show that KREEC, as the lender, had the necessary corrupt intent under Florida law, or that this Court should interfere with the contracts between the parties.  See Dixon v. Sharp, 276 So.2d 817, 820 (Fla. 1973) (holding that lender's corrupt intent or purpose to take more than the legal rate for the money borrowed must be established before finding loan usurious); Sepielli v. Wilson P. Abraham Constr. Corp., 313 So.2d 122 (Fla.Dist.Ct.App. 1975) (citing Morton v. Zuckerman-Vernon Corp., 290 So.2d 141 (Fla. 1974), for the proposition that an injunction against a lender declaring "a moratorium on

---

[4]  It appears, without conducting independent research, that Plaintiffs concede that under the liberal usury law in the state of Ohio, the loan documents would not be deemed per se usurious.

the [borrower's] obligation to pay interest amounted to an impairment by judicial action of the obligations of contract").[5] There is no indication of any corrupt intent on the part of KREEC in making Ohio's law applicable to the loan documents as is made evident by the opinion letters written by *Plaintiffs'* former counsel in which counsel opined that Florida would likely determine that Ohio has a reasonable relation to the transaction.[6] Regardless of whether the opinion is legally correct, the fact that Ohio's law was discussed among the parties before the loan documents were signed evidences the absence of a corrupt intent to obtain an illegal rate of interest on the 5.1 million dollars loaned.

    Accordingly, it is **ORDERED AND ADJUDGED** as follows:

(1)     Plaintiffs' Emergency Motion for Issuance of a Temporary Restraining Order (Dkt. 2) is **DENIED**.

---

[5] In Sepielli, the trial court's grant of an injunction was reversed because the lender was enjoined from foreclosing on the mortgage and note and thereby impairing the borrower's obligations under the contracts. The borrower in Sepielli alleged that the lender had fraudulently concealed certain facts regarding the zoning of the purchased real property. No cases have been cited to this Court, nor has this Court discovered any on independent research, which permit a borrower to enjoin a lender from enforcing its security interest pursuant to the terms of the documents based on a claim of usury.

[6] The attorneys wrote that "We believe a Florida court should (but, not necessarily will) conclude that Ohio has a normal relationship to the parties and the transaction if it were to consider only the following factors, which we assume and understand to be accurate based upon representations of Lender but have not independently verified; (a) Lender is an Ohio corporation; (b) one of Lender's principal offices is in Ohio; (c) Lender is licensed to conduct business in Ohio and regularly and in the normal course of business approves real estate loans and handles commercial real estate and otherwise regularly conducts commercial real estate lending business in Ohio . . ." (Dkt. 14, Exh. B at pg. 3).

(2) Plaintiffs' Motion for Issuance of a Preliminary Injunction with Notice (Dkt. 2) is **DENIED**.

(3) The hearing on the Motion scheduled for April 27, 2007 is hereby **CANCELLED**.

**DONE AND ORDERED** at Tampa, Florida, on April 26, 2007.

_s/Richard A. Lazzara_
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record